IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3109-FL

| | | |
|---|---|---|
| DONALD CLARK CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL (MOOSE) BUTLER AND | ) | |
| RACHEL PHILPOTT CHOQUE., | ) | |
| | ) | |
| Defendants. | | |

The matter comes before the court on the motion to amend/correct answer to complaint (DE # 35) and motion for summary judgment (DE # 47) pursuant to Federal Rule of Civil Procedure 56 filed by defendants Earl (Moose) Butler ("Butler") and Rachel Philpott Choque ("Choque"). Also before the court are plaintiff's motion for reconsideration (DE # 39) and motions for a trial date (DE # 41 and 54). These matters are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion to amend/correct answer to complaint and grants defendants' motion for summary judgment. The court denies plaintiff's motions.

## STATEMENT OF THE CASE

On June 18, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Butler and Choque. Plaintiff asserted that defendants deprived him of funds in his inmate trust account without adequate procedural protections in violation of the Due Process Clause of the Fourteenth

Amendment to the United States Constitution.[1] Plaintiff subsequently amended his complaint on August 6, 2009, alleging defendants brought additional criminal charges against him in retaliation for filing this lawsuit. The court allowed plaintiff to proceed with this action and denied his motion to appoint counsel. The court also denied defendants' March 31, 2010, motion to dismiss.

On April 5, 2011, defendants filed a motion to amend/correct their answer, seeking to add new claims, new affirmative defenses, and a counterclaim. Plaintiff subsequently opposed defendants' motion to amend, and filed a motion asking this court to reconsider its denial of his motion to appoint counsel as well as a motion requesting a trial date. On July 7, 2011, defendants filed a motion for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. Alternatively, defendants assert the defense of qualified immunity. Plaintiff responded to defendants' motion, and filed a second motion to set a trial date.

## STATEMENT OF FACTS

The facts seen in the light most favorable to plaintiff are as follows. On December 29, 2008, plaintiff was arrested and incarcerated at the Cumberland County Detention Center (the "detention center") while awaiting trial. Upon entering the detention center, plaintiff was both provided a copy of the detention center's inmate rules and orally informed of the rules. The inmate rules specifically prohibited the destruction of jail property and provided a grievance procedure for any disputes. Def.s' App'x 1, p. 8. The inmate rules also provided a fee schedule stating that "damage to sprinkler heads resulting in activation" requires a five hundred dollar ($500.00) fee. Id. p.10. Plaintiff assented to the foregoing terms. Def.s' App'x 3, p. 4.

---

[1] Plaintiff also states that defendants' actions deprived him of "equal protection of the laws." Compl. 4. However, plaintiff has provided no factual support for this claim and it is without merit. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required).

2

On January 25, 2009, a detention center officer allegedly observed plaintiff break a fire sprinkler head in the initial housing area of the detention center. Id. Plaintiff's tampering with the sprinkler head caused water to flood the area, and alerted the fire department to respond to the detention center. Id. Pursuant to the detention center's rules, plaintiff was assessed a fee of five hundred dollars ($500.00) for the damage caused to the sprinkler heads. Id. Detention center officials then debited plaintiff's inmate trust account for forty-five dollars ($45.00), and placed a lien on his account for the remaining balance. Am. Ans. ¶ 26. Plaintiff subsequently was charged with the willful and wanton damage to "real property, a sprinkler head, the property of Cumberland County Detention Center." Def.s' App'x 1, p. 5. Plaintiff also subsequently was indicted by a grand jury on the charge of failing to register as a sexual offender and by special indictment as a habitual felon. Id.

On May 13, 2009, the Cumberland County assistant district attorney dismissed plaintiff's damage to real property charge after discovering from plaintiff's defense attorney that the officer who reported the offense no longer was employed by the Cumberland County Sheriff's Office. Def.'s App'x 1, p. 11. Plaintiff then filed a grievance at the detention center requesting the removal of the cost assessment. Def.'s App'x 3, p. 4. The detention center reviewed plaintiff's grievance and determined that plaintiff violated the rules and caused the damage to the detention center. Id. Based upon that fact, the detention center denied plaintiff's grievance and his request to recover the fine deducted from his inmate trust account. Id.

On July 20, 2009, deputy sheriff Major John McRainey ("McRainey") presented to Magistrate Chinta McMillan ("Magistrate McMillan") a written investigation report regarding the sprinkler head property damage incident. Def.s' App'x 1, pp. 5-6. McRainey also presented

evidence that investigating officer Deputy McNeill and witness Officer Floyd both still were available and employed by the Cumberland County Sheriff's Office. Id. p. 5. Based upon this showing, Magistrate McMillan found probable cause and issued a misdemeanor criminal summons in case number 09 CR 060332, for the offense of injury to real property. Id. p. 6.

On August 7, 2009, in the Cumberland County Superior Court, plaintiff pleaded guilty to the offense of failing to register as a sex offender in case number 09 CRS 4844. Def.s' App'x 1, p. 6. Pursuant to plaintiff's plea agreement, the district attorney voluntarily dismissed plaintiff's misdemeanor injury to real property charge in case number 09 CR 060332. Id.

## DISCUSSION

A.  Motion to Reconsider

Plaintiff requests that this court reconsider its denial of his motion to appoint counsel. As stated, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore,

4

plaintiff's motion for reconsideration is DENIED.

B.   Motion for Summary Judgment

   1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

      a.   Deprivation of Property

Plaintiff alleges defendants violated his due process rights when they deducted money from his inmate trust account and placed a lien on his account prior to any adjudication of guilt. Plaintiff further asserts his due process rights were violated because the deducted funds were not returned to him after his charges were dismissed. However, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that intentional deprivations of property by state employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); see Mora v. City of Gaithersburg, 519 F.3d 216, 230-31

5

(4th Cir. 2008). Here an adequate post-deprivation remedy is available to plaintiff in state court. See e.g., Wilkins v. Whitaker, 714 F.2d 4, 6-7 (4th Cir. 1983); see e.g., Pittman v. Doty, No. 8:09-0801-MBS, 2009 WL 1160933, *3 (D.S.C. Apr. 29, 2009) (finding no due process violation where arresting officers allegedly confiscated money from the plaintiff's person); see also Drake v. Jones, No. 08-0156, 2008 WL 2051744, *3 (W.D. La. Mar. 31, 2008) (finding no due process violation where prison officials allegedly misappropriated funds from inmate's account). Because plaintiff has an adequate post-deprivation remedy in state court, his due process claim fails. Based upon the foregoing, the court finds there is no due process violation, and GRANTS defendants' motion for summary judgment for this claim.

      b.     Retaliation

To prevail on a claim of retaliation, plaintiff must demonstrate "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). To state a claim for retaliation, an inmate must show that the alleged retaliation had an adverse impact on the exercise of his constitutional rights. Id. at 75. "In addition, [a] plaintiff must come forward with specific evidence 'establish[ing] that but for the retaliatory motive the complained of incident[s] . . . would not have occurred.'" Scott v. Kelly, 107 F. Supp. 2d 706, 709 (E.D. Va. 2000) (quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)), aff'd, 6 F. App'x 187 (4th Cir. 2001). Moreover, the Fourth Circuit has stated, in the prison context, claims of retaliation are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Here, the evidence in the record reflects that McRainey initiated the process for charging

6

plaintiff with damage to real property for the second time on July 20, 2009. Although plaintiff filed this action on June 18, 2009, summons were not issued until November 2, 2009. Accordingly, defendants did not have notice of plaintiff's complaint on July 20, 2009. Plaintiff does not dispute this finding, nor does he present any evidence establishing that, but for the retaliatory motive, he would not have been charged with misdemeanor injury to real property on July 20, 2009. Based upon the foregoing, defendants are entitled to summary judgment on plaintiff's retaliation claim.

C.   Defendants' Motion to Amend

Defendants seek to amend their answer to add new facts related to previously asserted defenses as well as new affirmative defenses. Defendants also seek to add a counter claim against plaintiff seeking the recovery of damages in association with the damaged sprinkler head. Defendants require leave of court to amend their answer. See Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991) (citation omitted). A district court should deny a motion to amend only where prejudice, futility, or bad faith are present. Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987); Teksystems, Inc. v. Khan, 273 F. App'x 248, 250-51 (4th Cir. 2008) (applying principles of Rule 15 in the context of defendant's motion to amend his answer).

The court allows defendants' motion to amend to include supplemental facts and affirmative defenses. As for the new counterclaim, a district court may decline to exercise supplemental jurisdiction over a claim if the district court dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). The court has disposed of plaintiff's § 1983 claims, which were the sole claims over which it had original jurisdiction. In the interest of judicial economy, fairness, and comity, the court will not exercise

supplemental jurisdiction over any state law claims. Thus, the court DENIES defendants' request to add a counterclaim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration (DE # 39) is DENIED. Defendants' motion to amend/correct their answer (DE # 35) is GRANTED in part and DENIED in part. Defendants' motion is DENIED with regard to their request to add a counterclaim, but otherwise is GRANTED. Defendants' motion for summary judgment (DE # 47) is GRANTED. Accordingly, plaintiff's motion to set a trial date (DE # 41 and 54) are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5 day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge